**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-87-DLB**

**SHARANDEEP SINGH SANDHU**                                        **PETITIONER**

v.                    **MEMORANDUM OPINION AND ORDER**

**SAMUEL OLSON, et al.**                                        **RESPONDENTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## I.    INTRODUCTION

This matter is before the Court on Petitioner Sharandeep Singh Sandhu's Amended Petition for Writ of Habeas Corpus (Doc. # 6).  Respondents having filed their Response (Doc. # 7), and Petitioner having filed his Reply (Doc. # 8) this matter is now ripe for review.  For the following reasons, the Court will **deny** the Petition.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Sharandeep Singh Sandhu is a native and citizen of India.  (Doc. # 1 ¶ 14).  Petitioner entered the United States on March 19, 2023.  (*Id*. ¶ 15).  On March 21, 2023, Petitioner encountered United States Border Patrol ("USBP") agents in Yuma, Arizona.  (Doc. # 7-1).  Petitioner was detained by USBP but released that same day on his own recognizance.  (*Id*.).  Petitioner was also issued a Notice to Appear, directing him to appear before an Immigration Court on March 6, 2024.  (Doc. # 7-2).  On March 29, 2023, Petitioner applied for asylum.  (Doc. # 1 ¶ 1).  On December 20, 2023, Petitioner was arrested for Sexual Battery, a level 6 felony, from an incident that occurred on July

1

29, 2023 at the Sinclair truck stop in Wayne County, Indiana.  (Docs. # 7-1 and 7-3).

Petitioner ultimately pled guilty to a reduced charge of Battery, a Class B Misdemeanor,

and was sentenced to 178 days imprisonment to be followed by one year of probation.

(*Id*. at 9-12).

On April 30, 2025, Petitioner was detained by United States Immigration and

Customs Enforcement ("ICE") officers.  (Doc. # 7-4).  He was granted a bond hearing in

May of 2025, but bond was denied on the grounds that the Immigration Judge ("IJ")

considered him a danger to the community.  (Doc. # 6 ¶ 19).  On September 18, 2025,

the Chicago Immigration Court denied his application for Asylum and Protection Under

the Convention Against Torture, ordered him removed to India, but granted his application

for Withholding of Removal.  (Doc. # 1-2 at 4).  Because Petitioner did not file an appeal,

this became a final order of removal on October 18, 2025.  (Doc. # 7 at 2).

On February 24, 2026, Sandhu filed the instant Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241 (Doc. # 1).  Pursuant to a Show Cause Order entered by

this Court (Doc. # 3) Petitioner filed an Amended Petition for Writ of Habeas Corpus on

March 5, 2026 (Doc. # 6).  Respondents having filed their Response (Doc. # 7), and

Petitioner having filed his Reply (Doc. # 8), this matter is ripe for the Court's review.

## III.    ANALYSIS

Sandhu brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

2241.  At its core, habeas provides "a remedy for unlawful executive detention" *Munaf v.

Geren*, 206 4 553 U.S. 674, 693 (2008), available to "every individual detained within the

United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  The "typical remedy for

such detention is, of course, release."  *Munaf*, 553 U.S. at 693.  Such relief "may be

2

granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has recognized that habeas relief extends to noncitizens. *See Rasul v. Bush*, 542 U.S. 466, 483 (2004) ("[Alien] Petitioners contend that they are being held in federal custody in violation of the laws of the United States . . . Section 2241, by its terms, requires nothing more.").

There is no dispute that because Petitioner has a final order of removal pending against him, his present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his "prolonged detention without a definite end in sight" violates his Fifth Amendment rights. (Doc. # 6 ¶ 23). Specifically, Petitioner claims that because the ninety-day removal period set forth in § 1231 expired on December 18, 2025, he should be granted release because "there is not a foreseeable future where the Respondents find a third country to deport Petitioner." (*Id*. ¶ 29). In Response, Respondents claim that pursuant to § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner's detention is lawful because he has not yet been detained for six months following his final order of removal. (Doc. # 7 at 3). Moreover, Respondents argue, even if the six-month window has expired, Petitioner has not met the burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. (*Id*. at 4). Specifically, with respect to Petitioner's third country removal argument, Respondents submit the Declaration of Carly A. Schilling, Supervisory Detention and Deportation Officer, which notes that "Petitioner expressed an interest in going to Canada, because he has family there, [and] ICE is working with the Department of State to see if Canada will accept him." (Doc. # 7-5 ¶ 4).

Petitioner is correct in noting that pursuant to § 1231(a)(1)(A), when a noncitizen is ordered removed, the Attorney General "shall remove the alien from the United States within a period of 90 days."  Here, Petitioner's order of removal became final on October 18, 2026, after the thirty-day period to appeal expired.  Thus, the ninety-day removal period began, and ultimately expired, on December 18, 2025.  However, in *Zadvydas*, the Supreme Court noted that it "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time."  533 U.S. at 701.  The Court instead concluded that after the expiration of the ninety-day removal period, "the Government may continue to detain the noncitizen for a 'presumptively reasonable period' of time, which the Supreme Court concluded equaled six months."  *Albarracin-Puerta v. Noem*, No. 1:26-cv-189, 2025 WL 527050, at * 2 (W.D. Mich. Feb. 25, 2026) (quoting *Zadvydas*, 533 U.S. at 701).  Following that six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut the showing."  *Zadvydas*, 533 U.S. at 680.  Here, because Petitioner is within the six-month presumptively reasonable period of detention pursuant to *Zadvydas*, Petitioner's current detention is not a violation of his due process rights.[1]

Additionally, Petitioner urges this Court to consider the fact that he has been granted withholding of removal and therefore there is no significant likelihood of removal

---

[1]   Petitioner claims that his detention has "already exceeded the six-month benchmark . . . ."  (Doc. # 8 at 3).  While Petitioner has been detained since April of 2025—and therefore well over six months—his order of removal was not final until October 18, 2025, which, Petitioner himself acknowledges "falls short by a few days from the six months of detention under 8 U.S.C. 1231." (*Id.*).  That Petitioner's six-month clock did not begin to run until the removal order became administratively final comports with the logic found in *Zadvydas*.

4

in the reasonably foreseeable future.  (Doc. # 8 at 3).  However, as Respondents have indicated, Petitioner has expressed an interest in going to Canada, and the Department of State is working with Canada to determine if it will accept him.  (Doc. # 7-5 ¶ 4).  Petitioner claims that because Respondents have "present[ed] no evidence of any response . . . from the Canadian government" the government's "removal efforts remain speculative and indefinite[.]"  (Doc. # 8 at 4).  While it is true that the United States government has not yet received an answer from the Canadian government, this is not dispositive.  Petitioner's six-month period has not yet elapsed, and, by the time it does, the United States may get word from Canada.  *See Albarracin-Puerta*, 2025 WL 527050, at *1 (finding that the petitioner's six-month detention period had not yet elapsed, and that despite the petitioner having a withholding of removal, the government was "pursuing coordination for third country removal to Mexico.") (internal quotations omitted); *Dia v. Lynch*, No. 1:25-cv-1742, 2026 WL 81768, at * 2 (W.D. Mich. Jan. 12, 2026) (same).

Accordingly, Petitioner Sharandeep Singh Sandhu's Amended Petition for Writ of Habeas Corpus (Doc. # 6) is **DENIED**.

This 2nd day of April, 2026.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-87 MOO denying habeas .docx

5